

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-91,482-01

## EX PARTE STEVEN L. VERNON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2006-412,948A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

**Yeary, J., filed a dissenting opinion in which KELLER, P.J., and SLAUGHTER, J., joined.**

### <u>DISSENTING OPINION</u>

Pursuant to a plea bargain, on January 26, 2009, Applicant, Steven L. Vernon, pled guilty to tampering with a witness. On the basis of his plea, he was convicted, and on March 2, 2009, he was sentenced to confinement for twenty-five years. Nearly twelve years later, on February 7, 2020, Applicant filed this application for post-conviction writ of habeas corpus claiming that the State breached his plea agreement. Today, the Court grants relief to Applicant and sets aside his judgment of conviction. Because I would remand for an evidentiary hearing, I respectfully dissent.

According to Applicant, as part of his plea agreement with the State, he agreed to give up the title to his Chevrolet Corvette to the State. In exchange, the State agreed not to protest his release on parole. Applicant claims he turned over the title, as agreed, but the State still protested his release on parole for many years, beginning in March of 2009.

On March 28, 2019, the new Criminal District Attorney of Lubbock County wrote to the Parole Board and withdrew her office's most recent letter of opposition to Applicant's parole. Applicant was then granted parole and released from confinement, after serving ten years and nine months of his sentence. On July 7, 2020, Applicant and the new Criminal District Attorney also filed an "Agreed Application for Writ of Habeas Corpus." There are also agreed findings in the record, dated July 14, 2020, and signed by the Judge, defense counsel, and the new Criminal District Attorney, which state: "The agreement by the State to forego protesting Applicant's parole was a significant inducement for Mr. Vernon's plea of guilty." But the record of this case is confusing regarding what constituted the original plea agreement and what constituted an after-the-fact deal to prevent the State from opposing Applicant's release on parole.

The only evidence in the record before us concerning the agreement not to contest Applicant's release on parole is found in an affidavit that was executed by the new Criminal District Attorney of Lubbock County on July 7, 2020. Among other things, her affidavit states the following:

> Vernon was charged by indictment with the offense of Tampering with a Witness in June of 2006. The State also filed a notice of seizure and intended forfeiture alleging that Vernon's 2004 Chevrolet Corvette is contraband that is subject to seizure and forfeiture as provided by Chapter 59 of the Code of Criminal Procedure. Vernon pled guilty to the offense, pursuant to a plea bargain agreement, on January 26, 2009, and was

sentenced to twenty-five years imprisonment. As part of the plea-bargain agreement, Vernon agreed to forfeiture of the Chevrolet Corvette, which was ordered forfeited to the State as contraband.

The lead prosecutor for the case filed a Statement of Fact form in March of 2009 opposing parole. The following month, an email was sent to Vernon's trial counsel stating that the District Attorney was willing to forego writing a parole opposition letter to the Parole Board if Vernon's attorney would provide the DA's Office with the title certificate to the Corvette indicating that there are no liens. A DA's Office investigator picked up the title to the Corvette with a release of lien in April of 2009.

Vernon was denied parole on several occasions between 2009 and 2019. Though I do not believe there was any intent to go against the agreement contained in the April 2009 email, the DA's Office filed parole objection letters with the Board of Pardons and Paroles with each early release consideration event. After becoming Lubbock County Criminal District Attorney and being informed of the full terms of the agreement, I filed a new parole letter in March of 2019 withdrawing the DA's Office most recent parole objection letter. Vernon was released on discretionary mandatory supervision on September 30, 2019.

The Agreed Findings of Fact and Conclusions of Law state that an agreement not to contest parole was a "significant inducement" for Mr. Vernon's plea of guilty. But the affidavit from the new Criminal District Attorney states that, as part of the plea-bargain agreement, Vernon agreed to forfeiture of the Chevrolet Corvette. The affidavit further states that, in March 2009—the same month in which Applicant was sentenced pursuant to his plea—the lead prosecutor on the case filed a letter opposing parole for Applicant, an act that would seem at odds with that same prosecutor's having agreed earlier that same month not to do so. The affidavit then suggests that "[t]he following month," which it seems reasonable to conclude would have been in April of 2009, "an email was sent to Vernon's trial counsel stating that the District Attorney was willing to forego writing a

parole opposition letter to the Parole Board if Vernon's attorney would provide the DA's Office with the title certificate to the Corvette."[1]

There is an obvious discrepancy that is not resolved by the present record. Either the agreement not to oppose parole was part of the plea agreement that induced Applicant to enter his plea in this case, or it was an after-the-fact agreement designed to facilitate the delivery of the title to the Corvette which had been forfeited as part of the plea agreement. If it was an after-the-fact agreement and not part of the original plea agreement that "induced" Applicant to enter his plea, then he may be entitled to seek redress for the broken agreement, but he would not necessarily be entitled to have his conviction set aside.

There are findings of fact, but there is no affirmative evidence in the record showing that the agreement not to contest parole was part of the original plea bargain. Instead, the only evidence in the record addressing the agreement not to contest parole seems to contradict the claim that the agreement not to contest parole was part of the original agreement that induced the Applicant's plea. An evidentiary hearing would be useful in resolving this inconsistency and determining whether this agreement was truly a part of the original plea bargain or only an after-the-fact inducement, regardless of whether it was honored. Therefore, I would remand for an evidentiary hearing to resolve this confusion and inconsistency. In addition, if this agreement did form the basis of the plea bargain, I would direct the trial court to conduct a laches inquiry—the State protested Applicant's

---

[1] The fact that this agreement was memorialized in April of 2009, only after the plea which led to Applicant's conviction and sentence had been completed, also seems to be corroborated by the following quote found in the next paragraph in the new District Attorney's affidavit: "I do not believe there was any intent to go against the agreement contained in the April 2009 email . . .."

release for many years, so why did Applicant wait until he was released on parole to bring this claim?

For these reasons, I respectfully dissent.


FILED:                    February 3, 2021
DO NOT PUBLISH